**David HOCHMAN, Plaintiff-Appellant,**

v.

**BOARD OF EDUCATION OF the CITY OF NEWARK, et al., Defendants-Respondents.**

No. 75–1402.

United States Court of Appeals, Third Circuit.

Argued March 25, 1976.

Decided April 22, 1976.

---

David Hochman, pro se.

Emil Oxfeld, American Civil Liberties Union, Bernard K. Freamon, Community Legal Action Workshop, Newark, N. J., for plaintiff-appellant.

Robert T. Pickett, Counsel for the Bd. of Ed. of Newark in the County of Essex, Newark, N. J., for defendants-respondents; Barry A. Aisenstock, Bloomfield, N. J., on the brief.

Before SEITZ, Chief Judge, and RO-SENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

We are presented with the question of whether a nontenured teacher in the New Jersey public schools must exhaust his administrative remedies prior to commencing an action in federal court under 42 U.S.C. §§ 1983, 1985 where among other claims, he alleges violation of his First Amendment rights. We conclude, contrary to the district court, that exhaustion is not required under the facts presented here.

### I.

Plaintiff-appellant David Hochman, a certified nontenured teacher of mathematics at Broadway Junior High School in Newark, New Jersey, commenced this action for injunctive and monetary relief against the Board of Education of the City of Newark, the Superintendent and Assistant Superintendent of the Schools, and the Principal of Broadway Junior High School. The complaint averred that the defendants terminated Hochman's employment ". . . in retaliation against his exercise of First Amendment rights . . . .."

Hochman alleged that he had written letters to the individual defendants, with copies to a union representative and a state senator, concerning the breakdown of disciplinary procedures at the school and classroom disruption. After receiving no response to the letters, he allegedly attempted to implement a procedure to deal with disruptive student behavior which involved denying the students academic credit for three days and communicating with their parents.

On November 25, 1974 the defendant Assistant Superintendent observed Hochman's classroom and that same day orally suspended Hochman from employment pending termination. Hochman then received a letter dated December 5, 1974 from the Board of Education indicating that his termination for unsatisfactory performance would be effective as of December 25, 1974. Although Hochman requested a hearing before the Board, no such hearing was provided.

Thereafter, on December 18, 1974 Hochman filed a complaint in the United States District Court for the District of New Jersey asserting:

22. . . . that defendant David [Assistant Superintendent] and defendant Vasselli [Principal] conspired and agreed to have plaintiff dismissed from employment because he exercised his right to complain and seek redress concerning serious conditions prevalent at the school.

23. . . . that his dismissal was in retaliation against his exercise of First Amendment rights to petition for redress and that there is no cause to dismiss him

for poor work performance. Plaintiff has never received an unsatisfactory rating.

24. . . . that his contract, although terminable on thirty (30) days written notice, is a yearly contract and its termination orally or in writing is state action which violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and entitles plaintiff to a full and fair hearing thereon.

25. . . . that defendant Vasselli and defendant Board of Education by prohibiting his policy of not allowing academic credit and prohibiting his sending a letter to the parent is violative of First Amendment guarantee of free speech and the Fifth Amendment guarantee of life, liberty and the pursuit of happiness as applied against state action by the Fourteenth Amendment, and effectively deprives plaintiff of his right to pursue his profession in an efficacious and orderly manner.

The defendants moved to dismiss the action for lack of subject matter jurisdiction based upon Hochman's failure to exhaust his administrative remedies. The district court, relying upon the Second Circuit's decision in *Eisen v. Eastman*, 421 F.2d 560 (2d Cir. 1969), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), entered an order on March 6, 1975 dismissing the action without prejudice for failure to exhaust administrative remedies. Hochman filed a timely notice of appeal from this order, and hence this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

Thereafter, on March 13, 1975, the Board of Education granted Hochman a hearing. On April 29, 1975 the Board voted to terminate Hochman effective December 25, 1974. This decision is now on appeal to the Commissioner of Education under N.J.S.A. 18A:6–9.

## II.

The Supreme Court has consistently noted that exhaustion of state remedies, whether judicial or administrative, is not required prior to the commencement of an action under 42 U.S.C. § 1983 in federal court. In *McNeese v. Board of Education*, 373 U.S. 668, 672, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622, 625 (1963), the Court emphasized that the congressional purpose in enacting § 1983 was "to provide a remedy in the federal courts supplementary to any remedy any State might have." *See Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492, 502 (1961). Thus, in *McNeese*, the Court rejected the argument that failure to exhaust administrative remedies barred suit in federal court under § 1983. Thereafter, in *Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); *Houghton v. Shafer*, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968); *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418, 421 (1971); *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439, 452 (1973); *Steffel v. Thompson*, 415 U.S. 452, 472–73, 94 S.Ct. 1209, 1222, 39 L.Ed.2d 505, 522 (1974) and *Ellis v. Dyson*, 421 U.S. 426, 432, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274, 281 (1975), the Court has adhered to the nonexhaustion rule:

When federal claims are premised on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) —as they are here—we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights. *See, e. g., McNeese v. Board of Education*, 373 U.S. 668 [83 S.Ct. 1433, 10 L.Ed.2d 622] (1963); *Monroe v. Pape*, 365 U.S. 167 [81 S.Ct. 473, 5 L.Ed.2d 492] (1961).

*Steffel v. Thompson, supra* 415 U.S. at 472–73, 94 S.Ct. at 1222, 39 L.Ed.2d at 522.

The district court, disregarding these Supreme Court cases, relied instead upon the Second Circuit's opinion in *Eisen v. Eastman, supra*. In *Eisen*, the Second Circuit considered a due process attack upon the New York City Rent and Rehabilitation Law under § 1983. With respect to the exhaustion of administrative remedies, the court reviewed the *McNeese, Damico*, and *Houghton* opinions and nevertheless con-

cluded that exhaustion was required in the circumstances presented in *Eisen.*

However, in *Wilwording, Preiser, Steffel,* and *Ellis,* decided after *Eisen,* the Supreme Court did not recede from its prior statements involving exhaustion, but to the contrary reaffirmed them in unqualified terms. Indeed, even the Second Circuit has not required exhaustion when First Amendment rights are implicated as contrasted with the due process claim asserted in *Eisen. See Plano v. Baker,* 504 F.2d 595 (2d Cir. 1974).

■ We therefore conclude in this case, where Hochman's § 1983 action charges[1] the defendants with retaliating against him for his exercise of First Amendment rights, that *McNeese* and its progeny do not require exhaustion. In so concluding we do no more than adhere to the repeated and unqualified expressions of the Supreme Court that "we have not required exhaustion of state judicial or administrative remedies . . ." in suits under § 1983. *Steffel v. Thompson, supra,* 415 U.S. at 472–73, 94 S.Ct. at 1222, 39 L.Ed.2d at 522. *See also Hardwick v. Ault,* 517 F.2d 295 (5th Cir. 1975); *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975) (in banc), *cert. granted,* 423 U.S. 923, 96 S.Ct. 264, 46 L.Ed.2d 249, 44 U.S.L.W. 3263 (1975), *cert. dismissed as improvidently granted,* —— U.S. ——, 96 S.Ct. 2640, 48 L.Ed.2d 788, 44 U.S.L.W. 4860 (June 14, 1976). When appropriate federal jurisdiction is invoked alleging violation of First Amendment rights, as Hochman does here, we may not insist that he first seek his remedies elsewhere no matter how adequate those remedies may be.

Consequently, we hold that the district court erred in dismissing Hochman's action for failure to exhaust administrative remedies. We will reverse and remand to the district court for further proceedings not inconsistent herewith.

1. The allegations of Hochman's complaint must be accepted as true for purposes of considering a motion for dismissal under Rule 12(b), Fed.R. Civ.P. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); 2A J. Moore, Federal Practice ¶ 12.08, at 2266–67 (2d ed. 1975).