Margaret B. BUTZ, Plaintiff,

v.

The HERTZ CORPORATION, Defendant.

Civ. A. No. 82–1980.

United States District Court,
W.D. Pennsylvania.

Jan. 18, 1983.

Christopher Lepore, Cooper, Lepore & Dreeland, Pittsburgh, Pa., for plaintiff.

Patrick W. Ritchey, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

### I.

#### Introduction

The plaintiff, Margaret B. Butz, was an employee of the defendant, The Hertz Corporation ("Hertz"), from December 3, 1962, until September 25, 1980. In a two-count complaint filed in federal court against Hertz, Ms. Butz claims that she was terminated by Hertz on September 25, 1980, at the age of 45, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Count I), and that Hertz breached its duty to deal with the plaintiff in a fair, just and good faith manner (Count II).

Presently before the Court is Hertz's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, a motion for summary judgment as to both counts, pursuant to Fed.R.Civ.P. 56. Hertz asserts three reasons for granting its motion: 1) Ms. Butz's claim of age discrimination under the ADEA set forth in Count I is untimely under 29 U.S.C. § 626(d); 2) because Ms. Butz refused a better paying position offered by Hertz at the time of her termination, she has no grounds to seek back pay or reinstatement; and 3) Count II, alleging a breach of a general duty of fair, just and good faith treatment, has no basis in federal or state law. Because Hertz has filed affidavits in support of its claim that Count I is untimely, we will treat that motion as a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). *See* Fed.R. Civ.P. 12(b). As for Count II, Hertz alleges that Ms. Butz failed to state a claim upon which relief can be granted; therefore, we will treat that motion as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

### II.

#### Motion for Summary Judgment

#### (Count I)

Ms. Butz was employed by Hertz as a switchboard receptionist on December 3, 1962. She continued in that capacity until September 25, 1980 when she was placed on "lay-off" status. *See* Complaint ¶ 10. On August 24, 1982, Ms. Butz filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming that she was terminated because of her age. This lawsuit was commenced on September 28, 1982.

Hertz claims that we lack jurisdiction over the ADEA violation claim alleged in Count I since the charge filed with the EEOC on August 24, 1982 was untimely under 29 U.S.C. § 626(d).

29 U.S.C. § 626(d) provides in pertinent part:

> (d) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred; or
>
> (2) in a case to which section 14(b) applies [referring to acts of discrimination occurring in States with fair employment practice agencies], within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d).

Pennsylvania has a fair employment practice agency; therefore, the 300-day period applies.

Ms. Butz filed her charge of discrimination with the EEOC on August 24, 1982, 698 days after the date of alleged discrimination which was September 25, 1980. Thus, her charge of discrimination was clearly filed beyond the 300-day statutory period. This, however, is not sufficient to support Hertz's claim that because the filing of the charge was untimely, we lack jurisdiction over the ADEA claim.

██ The statutory requirement that the charge of discrimination must be filed with the EEOC within 300 days of the alleged unlawful practice is not a jurisdic-

tional prerequisite but is merely a statute of limitations. *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 (3d Cir.1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Since it is a statute of limitations, it is subject to possible tolling. *Id.* One possible way of tolling the statute is if the plaintiff establishes that she did not know of her rights under the ADEA.

■ 29 U.S.C. § 627 provides that an employer shall post notice in its place of employment as to the existence of the ADEA and the rights thereunder. Case law has established that failure to do so on the part of a defendant employer will toll the statute of limitations found in § 626(d). *See Kephart v. Institute of Technology,* 581 F.2d 1287 (7th Cir.1978); *Mazzare v. Burroughs Corp.,* 473 F.Supp. 234 (E.D.Pa. 1979). The burden is on the plaintiff to establish that the statute has been tolled. *Swietlowich v. County of Bucks,* 610 F.2d 1157 (3d Cir.1979). *See also Fulton v. NCR Corp.,* 472 F.Supp. 377 (W.D.Va.1979).

■ In the case *sub judice,* Ms. Butz denies any knowledge of the existence of an ADEA poster, and she also claims that she was never personally informed of such rights. Therefore, she argues that the statute of limitations has been tolled. We have found no statutory or case law which places a duty upon an employer to personally tell each employee of the ADEA and the rights thereunder. Therefore, Ms. Butz's claim of no personal information has no merit and cannot toll the 300-day period. As for the existence or non-existence of an ADEA poster, Hertz claims that such a poster was displayed in the main office building where Ms. Butz worked since at least 1972; therefore, Hertz argues that the statute of limitations has not been tolled, and its motion for summary judgment must be granted. Both parties have filed affidavits to support their claims.

Pursuant to Fed.R.Civ.P. 56(c), a federal court will grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

When considering a motion for summary judgment, a court must view the facts in the light most favorable to the non-moving party. *Goclowski v. Penn Central Transportation Company,* 571 F.2d 747, 751 (3d Cir.1977). The movant has the burden of establishing that no genuine issue of fact exists. *Scooper Dooper, Inc. v. Kraftco Corp.,* 494 F.2d 840, 848 (3d Cir.1974).

Hertz filed four affidavits from various employees in support of its motions for summary judgment. Each affidavit said, in effect, that an ADEA poster was hung on a bulletin board in the open office area in the main office building above the desk of Lilly Cercone, the city manager's secretary. *See* Campbell Affidavit ¶ 3; Smith's Affidavit ¶ 3; Kovalcik Affidavit ¶ 3; Wright's Affidavit ¶ 3.

In opposition to Hertz's motion for summary judgment, Ms. Butz filed an affidavit which provides in pertinent part:

"Plaintiff denies any knowledge of the existance [sic] of any ADEA poster being posted in the office of Lilly Cercone or anywhere else in the building during the nearly eighteen years she was employed by the Defendant."

Butz's Affidavit, ¶ 4.

After carefully reviewing each party's affidavits, we find that the affidavits do not conflict, therefore, there is no genuine issue of fact.

■ In their affidavits, Hertz's employees cite a specific location where the ADEA poster was allegedly hung; on the bulletin board above Lilly Cercone's desk. In response, Ms. Butz's affidavit merely denies any knowledge of such a poster being hung in Ms. Cercone's office or anywhere else in the building. Had she affirmed that she looked at the bulletin board above Ms. Cercone's desk and the poster was not there, then a genuine issue of fact would exist; i.e., was the poster on the bulletin board in Ms. Cercone's office? *See Johnston v. Pittsburgh Press Co.,* 26 FEP Cases 913

(W.D.Pa.1981). As it stands, Ms. Butz's testimony amounts essentially to "I never saw the poster" rather than "I saw the bulletin board and the poster was not there." The mere assertion that she had no knowledge of such a poster or never saw the poster does not raise an issue of fact, therefore, cannot toll the statute. *Downie v. Electric Boat Division,* 504 F.Supp. 1082 (D.Conn. 1980). *See also Gibbs v. Pepsico, Inc.,* 25 FEP Cases 661 (E.D.Mich.1981).

Even after considering the affidavits in the light most favorable to the plaintiff, we find that Ms. Butz failed to meet her burden to establish the equitable consideration that would justify tolling the 300-day statute of limitation; therefore, the ADEA claim is untimely and we grant Hertz's motion for summary judgment as to Count I. Since Count I has been dismissed due to untimeliness, we need not consider Hertz's second argument that Ms. Butz has no basis for relief under the ADEA.

### III.

#### Motion to Dismiss

#### (Count II)

Count II of Ms. Butz's complaint states in part:

"The defendant, The Hertz Corporation, as the employer of the plaintiff, Margaret B. Butz, owed the plaintiff a duty to conduct its employment dealings with the plaintiff in a fair, just and good faith manner, without discrimination or harassment of any sort."

Complaint ¶ 20. Ms. Butz did not allege any new, specific facts to support this allegation.

Hertz filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) on the basis that a general duty of fair dealing without discrimination does not exist in either federal or state law.

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and the allegations are considered to be true. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969). *See also Hochman v. Board of Education of Newark,* 534 F.2d 1094 (3d Cir.1976). The complaint must be liberally construed in favor of the plaintiff. *Id.* The motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff is not entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). With these general principles in mind, we now turn our attention to Ms. Butz's complaint and whether or not Count II states a valid cause of action.

A general duty of fair dealing in employment situations does not exist in federal statutory or case law. Absent a specific federal law to the contrary, business people may conduct their affairs as they desire, whether they be fair or unfair. *LaChapelle v. Owens-Illinois, Inc.,* 14 FEP Cases 737 (N.D.Ga.1976). When claiming unfair practice based on age, the ADEA is the exclusive federal remedy. *Platt v. Burroughs Corp.,* 424 F.Supp. 1329 (E.D.Pa.1976). Since the ADEA does not establish a general duty of fair dealing, and since such a duty does not exist in federal common law, we must look to Pennsylvania law to see if such a claim can be supported.[1]

The Pennsylvania Human Relations Act, 43 Pa.Stat.Ann. § 951, *et seq.* (PHRA) governs age discrimination claims within the state system. The remedies provided by PHRA are exclusive for those who invoke the statute. *Fye v. Central Transportation, Inc.* 487 Pa. 137, 409 A.2d 2 (1979). If a plaintiff does not invoke the statute, she must seek redress by other remedies that may be available. *Id.* at 140–41, 409 A.2d at 4.

In the case at hand, Ms. Butz claims in her brief in opposition to defendant's motion to dismiss that the statutory

---

1. Ms. Butz is a resident of Pennsylvania and Hertz is a Delaware Corporation. We have diversity jurisdiction.

provisions of the PHRA were never invoked. *See* Plaintiff's Brief, p. 10. This statement, however, appears to contradict her complaint which alleges that the filing of her charge of discrimination with the EEOC constituted a dual filing with the Pennsylvania Human Relations Commission (PHRC). *See* Complaint ¶ 7. Once her complaint was filed with the PHRC, as alleged in ¶ 7, her rights under the PHRA were invoked. We are aware of this contradiction, however, under the precepts set forth by the Supreme Court and the Third Circuit as to Rule 12(b)(6), we must look only to the pleadings and regard them as being true. Since the complaint alleges that a charge was dually filed with the PHRC, we must conclude that Ms. Butz's state remedies for age discrimination are exclusively within the PHRA.

In her brief in opposition to the defendant's motion, Ms. Butz argues that the PHRA is not applicable to Count II since she alleges more in Count II than age discrimination; she is alleging specific intent on the part of the defendant to harm her. *See* Plaintiff's Brief p. 10. To support this claim, she refers to paragraph 11 of the complaint which provides in part:

> "... plaintiff ... was subjected to a course of discriminatory conduct ... which included disparaging remarks, inferior working conditions, harassment, and unusually close scrutiny of plaintiff's work activities."

This conduct, she argues, if accepted as being true, creates a common law cause of action of specific intent to harm. In support of this argument, Ms. Butz relies on *McNulty v. Borden, Inc.,* 474 F.Supp. 1111 (E.D.Pa.1979). In *McNulty,* the plaintiff, a former employee of the defendant, brought an action against the defendant alleging antitrust violations, wrongful breach of a contractual relation and defamation. The defendant filed a motion to dismiss on the grounds that, under Pennsylvania law, there is no common law cause of action for wrongful discharge. The court denied the motion stating that the facts alleged by the plaintiff to support his defamation charge were sufficient to show that plaintiff's dis-

charge was motivated by a specific intent to cause harm to the plaintiff. Since specific intent to cause harm is recognized as a cause of action under *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974), the district court held that that cause of action was viable. Though *McNulty* does recognize specific intent to harm as a cause of action in federal courts, it's holding is not applicable in this case.

In *McNulty,* the plaintiff was specifically alleging libelous and slanderous remarks on the part of the defendant which eventually led to the plaintiff's discharge. In order to prove defamation, the plaintiff would have to establish specific intent to harm. This specific intent to harm could then be transferred to the claim of wrongful discharge. In the case *sub judice,* Ms. Butz alleges discrimination which, although it requires proof of specific intent to *discriminate,* it does not require proof of specific intent to *harm.* Furthermore, the conduct referred to in paragraph 11 of the complaint does not support a separate cause of action for specific intent to harm. In fact, the complaint itself labels the defendant's activities as "a course of *discriminatory conduct.*" (Emphasis supplied.) *See* Complaint ¶ 11. The conduct alleged by Ms. Butz merely supports her claim of discrimination, as the complaint, itself, states. Such conduct, even if true, is not sufficient to support a separate cause of action for specific intent to harm.

Since Count II does not state a common law cause of action for specific intent to harm, and since Ms. Butz has invoked the PHRA which applies to any state claim of age discrimination, the defendant's motion to dismiss Count II for failure to state a claim will be granted.

An appropriate order will follow.

### ORDER

AND NOW, to-wit, this 18th day of January, 1983, for the reasons set forth in the accompanying opinion, it is ORDERED, ADJUDGED and DECREED that the Defendant's Motion for Summary Judgment

as to Count I of the Plaintiff's Complaint, be and hereby is GRANTED and that JUDGMENT be, and hereby is, ENTERED in favor of the defendant and against the plaintiff on such claims.

It is FURTHER ORDERED, AD-JUDGED and DECREED that the Defendant's Motion to Dismiss Count II for Failure to State a Claim be, and hereby is, GRANT-ED, and Count II of the Plaintiff's Complaint be, and hereby is, DISMISSED with Prejudice.