Thomas M. BYERS, Leroy Kline, Samuel Schell, and Charlton Wagner, Appellants and Cross-Appellees,

v.

FOLLMER TRUCKING COMPANY and North Penn Transfer, Inc., Appellees and Cross-Appellants,

and

International Brotherhood of Teamsters, Local 776, Appellees.

Nos. 84–5248, 84–5300.

United States Court of Appeals, Third Circuit.

Argued Monday, March 18, 1985.

Decided June 14, 1985.

Judith Brown Chomsky (argued), Philadelphia, Pa., for appellants and cross-appellees.

Ira H. Weinstock, Paul J. Dellasega (argued), Ira H. Weinstock, P.C., Harrisburg, Pa., for appellee Local 776.

Francis M. Milone (argued), Stephanie A. Middleton, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellees and cross-appellants Follmer Trucking Co. and North Penn Transfer, Inc.

Before SEITZ and HIGGINBOTHAM, Circuit Judges, and GILES, District Judge.[*]

## OPINION OF THE COURT

PER CURIAM.

This is a consolidated appeal from an order of the district court entering judgment in favor of the defendants in this action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (1982). Jurisdiction for this appeal exists under 28 U.S.C. § 1291 (1982).

### I.

Plaintiffs are four former employees of the defendant Follmer Trucking Company ("Follmer"). On July 19, 1980, Follmer closed the Hummels' Wharf terminal where plaintiffs worked. Under a Change of Operations plan, a select number of Hummels' Wharf employees were permitted to transfer to Follmer's Harrisburg and Wilkes-Barre terminals. The remaining Hummels' Wharf employees, including plaintiffs, were placed on layoff status. The laid-off employees were eligible for temporary work at the remaining terminals but were required under the Change of Operations to forfeit their prior seniority. Plaintiffs Byers and Schell received casual work assignments at the Harrisburg terminal through the early part of October 1980. Plaintiff Kline continued to work for Follmer on a temporary basis until August of 1981.

On March 15, 1982, plaintiffs filed age discrimination charges with the Equal Employment Opportunity Commission (the "EEOC") against Follmer, North Penn Transfer, Incorporated ("North Penn") and Local 776 of the International Brotherhood of Teamsters ("Local 776"), the union representing the Harrisburg employees. Plaintiffs alleged that defendants' Change of Operations plan discriminated against them on the basis of their age because it deprived them of their prior seniority, causing plaintiffs to be treated less favorably than younger employees who were on layoff status at the remaining Follmer terminals. Plaintiffs also raised a claim of unlawful retaliation, contending that they had been terminated because of their continued opposition to the loss of their seniority.

Proceedings commenced in the district court in May of 1982. Defendants moved for summary judgment, arguing that plaintiffs had failed to make out a prima facie case of age discrimination and that their claims were time-barred. The district court denied the motion, but agreed to hold a limited evidentiary hearing on the timeliness issue. Plaintiffs, conceding that all of their claims except Kline's retaliation charge had not been timely filed, maintained that the 300-day filing period should be equitably tolled because the defendants had failed to post notices informing employees of their rights under the ADEA. The posting of such notice is required under 29 U.S.C. § 627.

The court ruled against plaintiffs on the tolling issue and entered judgment in favor of the defendants. This appeal followed. Defendants Follmer and North Penn cross-appeal, contending that they are entitled to judgment as a matter of law on the merits of plaintiffs' claims.

### II.

#### A. *Equitable Tolling*

Plaintiffs have the burden of establishing the facts necessary to justify equitable

---

[*] The Honorable James T. Giles of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

tolling. *See Swietlowich v. County of Bucks,* 610 F.2d 1157, 1162 (3d Cir.1979). The district court held that they had not satisfied this burden and further found that the required notices had been properly posted during the relevant period in both the Hummels' Wharf and Harrisburg terminals.

Plaintiffs assert two bases for attacking the district court's findings of fact. First, they argue that the district court erred in finding that a notice had been posted at the Hummels' Wharf terminal. Second, they contend that the district court's findings with respect to the Harrisburg terminal are inadequate because the court failed to find that the required notice had been conspicuously posted. To succeed on these contentions, plaintiffs must demonstrate to us that the district court's findings are clearly erroneous.

■ Although there was no definitive testimony or documentary evidence that a notice had been posted at the Hummels' Wharf terminal, the defendants introduced evidence that Follmer had a practice of routinely inspecting its terminals for compliance with federal labor laws. The inspector was responsible, among other things, for insuring that all required notices were properly displayed. At no time had an inspector advised Follmer that the age discrimination notice was missing. The district court found that the existence of this inspection procedure gave rise to an inference that Follmer had complied with the ADEA posting requirements.

Plaintiffs simply failed to rebut this inference. Although some of the plaintiffs testified that they had never seen an age discrimination poster at Hummels' Wharf, their testimony was largely discredited by their prior inconsistent deposition statements and by their admissions on rebuttal that they either did not remember or did not pay much attention to whether the required notices had been posted. *See Butz v. Hertz Corporation,* 554 F.Supp. 1178, 1182 (W.D.Pa.1983) (claimant's mere assertion that she had no knowledge of age discrimination poster not sufficient to toll

limitations period). Given these inconsistencies, the district court could fairly find that plaintiffs' testimony was not credible. The district court's factual finding is not clearly erroneous.

■ Plaintiffs do not challenge the district court's finding that an age discrimination notice had been posted in the vestibule of the Harrisburg terminal. However, they argue that the district court's findings were inadequate as a matter of law insofar as they do not indicate whether the notice had been posted in a conspicuous manner as required under the ADEA. *See* 29 U.S.C. § 627. We do not agree. The court specifically found that the age discrimination poster was located in an area "where employees would be likely to see [it]" on their way to work. App. at 442. We construe this language to be a finding by the district court that the age discrimination notice was conspicuously posted. That finding is not clearly erroneous.

We therefore conclude that the 300-day filing period had not been tolled. All of plaintiffs' claims which arose more than 300 days prior to the commencement of EEOC proceedings are time-barred. Hence, the only remaining charge that is arguably timely is plaintiff Kline's retaliation claim.

### B. *Kline's Retaliation Claim*

Kline contends that his status as a temporary or casual basis employee was terminated in August of 1981 in retaliation for his continued opposition to the loss of his seniority under the Change of Operations. He argues that this is a separate act of unlawful discrimination and that the EEOC charge was timely filed with respect to this claim. Defendants concede that Kline's claim would be timely if his termination is considered a separate discriminatory event. They maintain, however, that Follmer's decision to terminate Kline was not an act of retaliation but was merely an inevitable consequence of the original allegedly discriminatory practice, i.e., the closing of the Hummels' Wharf terminal pursuant to the Change of Operations plan. *See Bronze Shields, Inc. v. New Jersey Department of Civil Service,* 667 F.2d 1074 (3d Cir.1981),

*cert. denied*, 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982).

 The district court did not make any findings of fact as to the circumstances underlying Kline's termination. Arguably, the court could have found that Kline's termination was the result of unlawful retaliation. An employer may not discharge an employee for opposing practices made unlawful by the ADEA. 29 U.S.C. § 623(d). We will therefore vacate the judgment with respect to Kline's retaliation claim and remand the case for an evidentiary hearing and appropriate findings.

### C. Defendants' Cross-Appeal

Since we have determined that the claims of plaintiffs Byers, Schell and Wagner were not timely filed, we will affirm the district court's judgment as to them. We therefore find it unnecessary to reach the merits of defendants' cross-appeal. With respect to Kline's retaliation claim, we will consider the cross-appeal as asserting an alternative basis for affirming the district court.

Defendants urge that they are entitled to judgment as matter of law because Kline's termination could not have been the result of any unlawful retaliation. The ADEA makes it illegal for an employer to discriminate against an employee or job applicant because that individual has either (1) filed charges with the EEOC or assisted in any manner with an ADEA investigation or proceeding; or (2) opposed a practice made illegal under the ADEA. *See* 29 U.S.C. § 623(d). It is, of course, true that Kline could not have been discharged in retaliation for his filing of EEOC charges since those charges were filed several months after his termination.

Our best reading of defendants' contention is that an employer cannot unlawfully retaliate against an individual under the ADEA unless the individual has first made known to the employer that his opposition to a particular practice is based on age discrimination. Defendants argue that they could not have retaliated against Kline for asserting his rights under the ADEA because, prior to his discharge, Kline had never claimed age discrimination as his reason for opposing the Change of Operations. Since Kline apparently opposed the Change of Operations solely because of its effect on his prior seniority and not because he perceived it to violate the age discrimination laws, defendants contend that they are entitled to judgment as a matter of law.

We cannot tell from the record presented to us whether this issue was specifically addressed by the district court in denying defendants' motion for summary judgment. We believe that such an argument should be explicitly addressed by the district court in the first instance. We will therefore remand this claim for appropriate consideration.

### III.

The judgment of the district court will be vacated as to plaintiff Kline's retaliation claim, and the case will be remanded for further proceedings consistent with this opinion. The judgment will be affirmed in all other respects.