Jesse **HALL**

v.

**AMETEK, INCORPORATED.**

**Civ. A. No. 86–3932.**

United States District Court, E.D. Pennsylvania.

May 15, 1987.

Mark A. Hoffman, Harleysville, Pa., for plaintiff.

Charles J. Bloom, Larry J. Rappoport, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

In this age discrimination action, defendant has moved for summary judgment in accordance with Fed.R.Civ.P. 56(b) on Count I of plaintiff's complaint. Because plaintiff failed to file his administrative claim timely, defendant's motion is granted.

Plaintiff Jesse Hall was 59 years old when he was informed on July 18, 1984, that he was being terminated from his position as a manufacturing engineer at Hunter Spring, a division of defendant Ametek, Incorporated ("Ametek"). Hall had worked for Ametek's Schutte & Koerting Division ("S & K") from July, 1967 until he was terminated there on March 16, 1968. With the assistance of the Industrial Relations Manager at S & K, Hall then secured a position with Ametek's Hunter Spring division. On January 30, 1986, Hall filed a charge of age discrimination with the Pennsylvania Human Relations Commission arising out of his termination on July 18, 1984; this charge was referred to the EEOC for dual filing. This civil action was commenced on July 2, 1986.

Defendant has filed for summary judgment on two grounds. Defendant first asserts that plaintiff's action is barred by the EEOC statute of limitations. 29 U.S.C.A. § 626 (West 1985). Second, defendant argues that Hall cannot satisfy his burden of proof that his discharge was motivated by age discrimination.

Summary judgment is proper:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party and determine whether the movant has carried its burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. All reasonable inferences from the evidentiary record are drawn in favor of the non-moving party. *See, e.g., EEOC v. Zippo Manufacturing Co.*, 713 F.2d 32, 34–35 (3d Cir.1983); *Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747, 751 (3d Cir.1977). When a proper motion for summary judgment is made, the trial court must make "the threshold inquiry of determining whether

there is the need for a trial—whether in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Liberty Lobby*, 477 U.S. at ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 213. The inquiry is the same in essence on a motion for summary judgment as on a motion for directed verdict, namely, "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* 477 U.S. at ——, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

■ The Age Discrimination in Employment Act ("ADEA") requires that a discrimination charge be timely filed with the EEOC prior to the initiation of an action in federal court. *See Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In a "deferral state,"[1] such as Pennsylvania, plaintiff must file his charge of age discrimination with the EEOC within 300 days from the date of the unlawful employment practice. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Seredinski v. Clifton Precision Products Co.*, 776 F.2d 56 (3d Cir.1985); 29 U.S.C.A. § 626(d)(2).

■ The 300–day filing requirement is not a jurisdictional prerequisite to suit under ADEA but is subject to equitable tolling. *See Bonham v. Dresser Industries*, 569 F.2d 187 (3d Cir.1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (filing of timely charge with the EEOC not jurisdictional prerequisite to suit under Title VII).

It is uncontested that plaintiff did not file his charge with the EEOC within the 300–day period. However, plaintiff argues that the time period should be equitably tolled because of defendant's failure to place plaintiff on notice of his rights under ADEA as required by 29 U.S.C.A. § 627 (West 1985).

■ The burden of proof is on defendant to prove that the time requirements were not met. Where that burden is met, the plaintiff has the burden of establishing that equitable tolling is justified. *See Byers v. Fullmer Trucking Co.*, 763 F.2d 599, 600–01 (3d Cir.1985); *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1162 (3d Cir.1979). The time period may be tolled when a plaintiff is induced by an employer not to file, when plaintiff did not know or should not have known of the allegedly discriminatory act, or when plaintiff is not on notice of his rights under ADEA. *See Byers*, 763 F.2d at 600–01; *Hart v. J.T. Baker Chemical Corp.*, 598 F.2d 829, 833–34 (3d Cir.1979).

■ Title 29 U.S.C.A. § 627 requires every employer to "post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Equal Employment Opportunity Commission setting forth information the Commission deems appropriate to effectuate the purposes" of ADEA. Failure to post notice will toll the time period for filing an administrative claim. *See Byers*, 763 F.2d at 600–01; *Butz v. Hertz Corporation*, 554 F.Supp. 1178, 1181 (W.D.Pa.1983).

Defendant has filed affidavits in support of its motion for summary judgment. Two of those affidavits, those of Howard Becker and James J. Walsh, Jr., defendant's employees, state that notices were posted as required by 29 U.S.C.A. § 627. Becker's affidavit avers that his responsibilities as Industrial Relations Manager for Ametek's S & K division include ensuring that all required notices are posted and remain on the bulletin boards; it avers that three bulletin boards are maintained, that notices posted include "Equal Opportunity is the Law," containing information required by ADEA, that Becker periodically checks the

---

**1.** An employee may not file an ADEA suit in federal court until after he has filed a charge alleging discrimination with the EEOC. *See* 29 U.S.C.A. § 626(d). If the state in which the alleged discriminatory act occurs has a state law prohibiting age discrimination in employment *and* a state agency authorized to seek relief for an aggrieved individual, the proceeding must be commenced with the state agency before the federal action may be instituted. *See* 29 U.S.C. § 633(b). A state meeting these two criteria is referred to as a "deferral state."

bulletin boards to make sure that all notices remain posted and are not spoiled and that he replaces the notices when required. (Exhibit C).

Walsh's affidavit avers that as Corporate Director of Human Resources, he is responsible for employee relations at ten divisions of Ametek, including the Hunter Spring division. He is personally required to make sure that all of the notices required by law are posted on the bulletin board in the lobby of the main entrance, and he observed that the required notices, including "Equal Opportunity is the Law," were posted on the bulletin board during the relevant period. (Exhibit H).

In support of his claim that the filing requirements should be equitably tolled, plaintiff filed, *inter alia*, portions of his own deposition where he stated under oath that he was aware that bulletin boards existed at both S & K and Hunter Spring (N.T. 105, 220), but that he could not recall seeing the "Equal Employment Opportunity is the Law" notice at either location. (N.T. 113, 220). At oral argument, plaintiff's counsel submitted to the court a copy of answers to interrogatories. Interrogatory 1(c) asked:

> "State when you first observed notices posted by Ametek and advising employees of their rights under the Age Discrimination Employment Act or the Pennsylvania Human Relations Act."

Plaintiff's response was, "No notices posted." Appended to the answers to interrogatories submitted to the court was an undated verification by plaintiff. However, plaintiff's counsel informed the court that this verification had been sent to defendant's counsel after the answers to interrogatories were sent. The answer to the interrogatory in question was sent to opposing counsel prior to plaintiff's deposition but it is not clear on the record when the verification by the plaintiff was provided.

Plaintiff argues that the difference between his answer to interrogatory 1(c) and his deposition testimony creates a genuine issue of material fact on the issue of whether the required notices were posted. Because there is no conflict between the affidavits submitted by defendant and plaintiff's deposition testimony and plaintiff's prior answer to the interrogatory is unresponsive to the question posed, there is no genuine issue of fact.

In order to create a genuine issue of fact whether notices were posted where defendant has submitted affidavits that the posting occurred, plaintiff must actually testify that he observed the bulletin boards and the notices were not there. *See Butz,* 554 F.Supp. at 1181–82; *see also Byers,* 763 F.2d at 601.

In *Byers,* the Court of Appeals held that summary judgment was proper where the judge inferred from defendant's evidence at an evidentiary hearing that the notices required by 29 U.S.C.A. § 627 had been posted even though plaintiffs had testified in their depositions and on rebuttal during the evidentiary hearing that they either did not remember or did not pay much attention to whether the required notices had been posted. 763 F.2d at 601. The Court of Appeals affirmed as not clearly erroneous the district court's finding prior to trial that the notices had been posted.

Here, there is more than an inference that the notices were posted; defendant has submitted uncontradicted affidavits that they were. The assertion that plaintiff was aware of the bulletin boards but does not recall seeing any notices is inadequate to raise a genuine issue of fact for trial. Plaintiff must offer evidence contradicting defendant's affidavits that notices were in fact posted. He has not done so. He has stated only that he has no recollection of seeing the notices. Because he has the burden of proof on equitable tolling, he cannot rely on his failure of memory to create an issue of fact.

The answer to interrogatory 1(c) is also insufficient to raise a genuine issue of fact. First, it was not made part of the record on summary judgment. Second, it is unresponsive to the question so its meaning is ambiguous. Third, it was sent to defendant's attorney without verification so it is unclear whether it represents the testimony of plaintiff or his counsel. It states no

421

facts to support the conclusory statement that no notices were posted. Read in light of plaintiff's subsequent deposition testimony, it is clear that plaintiff cannot testify to facts creating a genuine issue of fact; namely, that he recalls seeing the bulletin board without the notices as required.

At oral argument, plaintiff's counsel suggested that plaintiff could testify that he saw the bulletin boards and no notices were there. Counsel argued that the presence of several Ametek officials at plaintiff's deposition intimidated him and prevented him from testifying truthfully to contradict the assertions of Ametek officials. However, plaintiff's counsel neither asked plaintiff any questions at the end of his deposition to clarify the testimony nor did he seek to correct the deposition by affidavit after the fact.

█ It is unclear to the court whether plaintiff is also arguing that the notices, if posted, failed to meet the conspicuousness requirement of 29 U.S.C.A. § 627 because the bulletin boards were in areas not usually frequented by Hall. The affidavits filed by defendant describe the locations of the bulletin boards. The bulletin boards at the S & K division "are located in the hall adjacent to the receptionist's desk, near the General Manager's office above the water fountain; and in the plant next to the men's bathroom." (Exhibit C). At the Hunter Spring division the bulletin board "is located in our lobby of the main entrance, and leads into our plants and offices." (Exhibit F). Plaintiff testified at his deposition that he was aware of the location of both bulletin boards and had seen both. There is no suggestion that plaintiff was denied access to the areas in which the bulletin boards were located. Defendant is not required to post notices in every employee work area, but only in "conspicuous places." 29 U.S.C.A. § 627. The locations described in the affidavits meet the conspicuousness requirement. Plaintiff has not raised a genuine issue of material fact as to compliance with 29 U.S. C.A. § 627.

Because there is no genuine issue of material fact and the time requirements should not be equitably tolled, summary judgment will be granted in favor of defendant on Count I of plaintiff's complaint.

The court having granted summary judgment on the first ground stated in defendant's motion for summary judgment, there is no need to address the second ground. However, there are clearly genuine issues of material fact concerning whether plaintiff could make out a *prima facie* case of age discrimination. The court would not have granted summary judgment on that ground.

By order dated November 18, 1986, the court severed Count I of plaintiff's complaint from the pendent state law claims and placed the pendent claims in suspense. Those claims will now be removed from suspense. In accordance with *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), the pendent state law claims will be dismissed without prejudice. Judgment will be entered in favor of defendant.