**Albert I. STARK, Plaintiff–Appellant,**

v.

**DYNASCAN CORPORATION, a
Delaware corporation,
Defendant–Appellee.**

**No. 89–2347.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 25, 1990.

Decided May 11, 1990.

Joel S. Siegel, Douglas J. Bank, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiff-appellant.

Peter J. Meyer, Mark E. Furlane, Gardner, Carton & Douglas, Chicago, Ill., for defendant-appellee.

Before WOOD, CUDAHY, and COFFEY, Circuit Judges.

CUDAHY, Circuit Judge.

The appellant, Albert Stark, filed an age discrimination suit against his former employer, Dynascan Corporation ("Dynascan"). Dynascan, in turn, filed a motion for summary judgment on the ground that Stark had failed to file a timely charge of discrimination with the EEOC, a prerequisite to suit in federal court. The district court granted the defendant's motion for summary judgment, finding that Stark's claims were time-barred under the applicable statute of limitations, and dismissed the suit. On appeal, Stark claims that this dismissal was erroneous because the running of the limitations period should have

been equitably tolled until he learned that he had been replaced by a younger worker. For the reasons discussed below, we affirm.

## I. Facts

Stark was hired by Dynascan in March, 1980 as a sales promotion manager at a salary of $29,000 per year. During approximately the first five years of employment at Dynascan's Cobra Division, Stark received good performance reviews and regular raises from his supervisor, Dennis Burke. In 1985, Stark began reporting to a new supervisor, John Ehrisman, Cobra Division's vice president of marketing. In October, 1985, Stark received a satisfactory performance review from Ehrisman, but did not receive a raise. Upon complaining to Ehrisman, Stark was awarded the usual five per cent salary increase. Stark was then in his late forties.

At about this same time, Ehrisman also hired three merchandising managers who were all in their late twenties or early thirties. According to Stark, Ehrisman repeatedly compared him unfavorably to the three younger merchandising managers. Stark also claims that Ehrisman told him that he was making too much money and that Ehrisman could replace him with a younger worker at a much lower salary. Dynascan contests many of the allegations outlined here.

In the Spring of 1987, Stark was placed on three months probation. At the conclusion of this probationary period, Stark was told in a meeting with Ehrisman and another Dynascan employee that he was being terminated. The date was May 29, 1987. Ehrisman told Stark that he was being fired because of his failure to improve his poor copywriting abilities and because his co-workers had complained about him. Stark was also informed that the requirements for his sales promotion job were being changed to require a strong creative involvement, something which Stark apparently lacked. Stark alleges that, in addition to these explanations, his previous supervisor, Burke (now President of the Cobra division), told him that the real reason he was being fired was because the company was being reorganized and because Stark could not get along with Ehrisman. Dynascan gave Stark until the end of August to find alternate employment. On the last day of his employment with Dynascan, Stark was fifty years old and was earning $40,000 a year.

On November 9, 1987, Dynascan hired Albert DeGenova, then thirty years of age, to fill its Marketing Promotion Administrator's position. Stark alleges that DeGenova was hired to fill the position vacated by him and that he learned of his replacement on November 16, 1987. Stark filed a charge of age discrimination with the Equal Employment Opportunity Commission (the "EEOC") on May 19, 1988, more than six months after learning that his position had been filled by a younger worker.

The district court granted summary judgment[1] in favor of Dynascan because it found that Stark had knowledge that would have supported an age discrimination suit on May 29, 1987, the date he was notified of his termination. Because Stark had failed to file a charge of discrimination with the EEOC within the requisite 300 days of that date, as required by 29 U.S.C. § 626(d)(2), the district court held Stark's suit to be time-barred.

Stark appeals on the grounds that the 300-day limitations period should have been tolled until he learned of his replacement by a younger worker because he had insufficient proof to support his claim until this time. In addition, Stark argues that Dynascan, by offering conflicting and fraudulent explanations for his termination, misled him into thinking that he had been discharged for nondiscriminatory reasons—reasons that he only discovered to be

---

1. On June 2, 1989, the district court entered a judgment which purports to grant Dynascan's motion to dismiss. Since, however, Dynascan had actually filed a motion for summary judgment which raised an affirmative defense and since the district court considered material outside of the pleadings, we will treat the district court's disposition as being the imposition of summary judgment against Stark.

false when he learned of his replacement. Because we find that Stark had sufficient knowledge of age discrimination by Dynascan on the date he was notified of termination and because reliance on obviously conflicting statements was unreasonable here, we see no reason to invoke the equitable tolling doctrine in Stark's favor. Consequently, Stark's argument that equitable tolling renders the grant of summary judgment erroneous is without merit.[2]

## II. Analysis

We review the district court's entry of summary judgment *de novo*. *Central States, S.E. & S.W. Areas Regional Pension Fund v. Jordan*, 873 F.2d 149, 152 (7th Cir.1989). On a motion for summary judgment, the burden is on the plaintiff to present facts which, if true, would justify equitable tolling of the statute of limitations. *See* Fed.R.Civ.Pro. 56(e); *Byers v. Follmer Trucking Co.*, 763 F.2d 599, 600–601 (3d Cir.1985). The record in this case is devoid of any such facts.

Under the federal Age Discrimination in Employment Act (the "ADEA"), "[n]o civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). In Illinois, a claimant has 300 days to file a charge with the EEOC. 29 U.S.C. § 626(d)(2). *See also Smith v. General Scanning, Inc.*, 832 F.2d 96, 98 (7th Cir.1987). The 300–day limitations period is designed to "protect employers from the burden of defending claims arising from employment decisions that are long past." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir.1986), *citing Delaware State College v. Ricks*, 449 U.S. 250, 256–257, 101 S.Ct. 498, 503–504, 66 L.Ed.2d 431 (1980). Normally, the 300–day limitations period begins to run from the date that the employee is notified of termination, not from the later date when termination actually occurs. *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1194 (7th Cir.1984). Stark was notified on May 29,

1987 that he was to be terminated. He did not, however, file a charge with the EEOC until May 19, 1988, long after the normal 300–day filing period had run.

Stark claims that the ADEA filing period should have been tolled until November 16, 1987 (the date he learned that he had been replaced by the younger DeGenova and the date he was disabused of his belief that he had been terminated for legitimate reasons). Stark asserts that, until this date, he did not have sufficient evidence to support a prima facie case of age discrimination under the burden-shifting method of proof established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). (The seeking of a replacement is an element of the prima facie case in the burden-shifting method of proof.)

It is well settled that the 300–day limitations period set forth in 29 U.S.C. § 626(d)(2) is not absolute, but is subject to equitable modification. Under the equitable tolling doctrine, the ADEA's filing deadline will be tolled "until a reasonable plaintiff should have known facts that would support a charge of [age] discrimination." *EEOC v. O'Grady*, 857 F.2d 383, 393–394 (7th Cir.1988). The doctrine is premised "upon the proposition that the defendant's actions require relieving the plaintiff from the burden of a statute of limitations period." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1051 (4th Cir. 1987).

"To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." *Id.* at 1049 (citations omitted). The district court refused to toll the ADEA filing period here because it found that there was no equitable reason to toll the filing period in light of Stark's knowledge: that Ehrisman had made discriminatory remarks which were directed at Stark, that Ehrisman had hired three much younger sales managers who were not fired and

---

**2.** Stark concedes that the doctrine of equitable estoppel is inapplicable to the present case. Appellant's Reply Brief at 7. We will therefore not

discuss this aspect of the district court's decision.

that oddly conflicting reasons for Stark's termination were offered by Ehrisman and Burke. The district court reasoned that all of these facts supported a conclusion that a reasonable person in Stark's position should have been aware that he possessed a colorable claim of age discrimination. We find the district court's reasoning persuasive.[3]

Stark contends, however, that the district court's reasoning was erroneous because none of these facts taken in isolation, or together, directly or indirectly establishes a prima facie case of age discrimination. Appellant's Brief at 7. In particular, Stark makes much of the fact that there was a long delay between the discriminatory statements made by Ehrisman, the hiring of the younger sales managers and Stark's notice of termination. Stark argues that the delay made the drawing of any connection between these acts and his firing tenuous at best.[4] We disagree. Stark's troubles with Ehrisman apparently continued until his departure. There is no indication, at least, that things between the two had gotten any better over time. Hence, Stark would have had no reason to believe that Ehrisman's discriminatory attitude had changed in the interim.

Moreover, it was patently unreasonable for Stark to believe that the explanation proffered by former supervisor Burke (regarding company reorganization and personality conflicts with Ehrisman) was the true reason for his termination. The fact that the two men had had a good working relationship is of no moment to our inquiry. If Burke's explanation had been the only one proffered, we might agree that Stark's reliance upon it was reasonable. Stark, himself, admits, however, that he was given two conflicting versions of the reasons for his termination. The existence of conflicting statements renders reliance on any one, in this context, unreasonable. Given all the facts outlined by Stark, we find, as did the district court below, that Stark knew or should have known that he had a colorable claim of age discrimination on the date he was notified of termination.[5]

### III. Conclusion

Because Stark has failed to meet his burden of asserting sufficient facts to justify the equitable tolling of the relevant ADEA filing period as a matter of law and because we find that Stark had sufficient knowledge to support a claim of age discrimination upon the date he was notified of termination, the judgment of the district court is

*Affirmed.*

---

3. Because we find that Stark had enough evidence to support a claim of discrimination on the date he was notified of his termination, we need not discuss Dynascan's position that the ADEA filing period begins to run on the day that a claimant has enough evidence to support a *charge*, as opposed to a *claim*, of discrimination sufficient to set EEOC review in motion.

4. Stark also claims that, since Ehrisman's ageist statements related to his being *replaced* by a younger worker, he had no reason to tie this statement to his termination until he learned, much later, that he was being replaced by a younger man. Appellant's Brief at 8. This argument is unpersuasive. The thrust of Ehrisman's comments were discriminatory. Moreover, the totality of the facts alleged by Stark supported a reasonable belief that he was being fired for illegitimate reasons. Stark did not therefore need to wait for Ehrisman's statements to come true before realizing that things were definitely amiss.

5. Stark asserts that the approach adopted by the district court, and affirmed here, would have the effect of undercutting a plaintiff's right to choose how he will prove a prima facie case of age discrimination. We disagree. Our approach dictates only that the ADEA filing period begins to run when a claimant has enough evidence, whether direct or indirect, to support a claim of age discrimination. Our approach does not bind a claimant to the case outlined in the charge of discrimination filed with the EEOC. A claimant is free to proceed to offer proof under any theory at trial. The opposite result would have the effect of "allowing plaintiffs to manipulate limitations periods by picking and choosing between different methods of prosecuting the same claim [and] would inject substantial uncertainty into the judicial system and frustrate the goal of encouraging the prompt resolution of disputes." Memorandum Order and Opinion at 7. This is a result which we cannot condone, given the premises of the ADEA limitations period.