NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013[*]
Decided June 21, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1740

| | |
|---|---|
| SAMMY J. MOORE, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| v. | No. 11-364-GPM |
| ADRIAN FEINERMAN, *Defendant-Appellee.* | G. Patrick Murphy, *Judge.* |

## O R D E R

Sammy Moore, an Illinois prisoner, appeals the dismissal of his lawsuit under 42 U.S.C. § 1983, claiming that Dr. Adrian Feinerman, a physician at Menard Correctional Center, violated the Eighth Amendment by refusing to treat his painful migraines. The district court dismissed his suit after conducting an evidentiary hearing and concluding that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Moore failed to exhaust his administrative remedies. Because we conclude that the court's factual findings were not clearly erroneous, we affirm.

Moore alleges that in 2008 he suffered from painful migraines. He visited Dr. Feinerman twice, in May and July of that year, but the doctor refused to help him, he contends. Rather, Moore continues, the doctor ordered x-rays that the doctor knew "would not reveal what was the cause of Plaintiff's migraines or stop the pain caused by the migraines." By way of an affidavit, Moore attests that, after consulting with an inmate counselor, he mailed to a grievance officer three grievances complaining of the lack of treatment, in May, June, and August. He says that he received no response to his grievances, so deeming himself unable to appeal, he later mailed copies of the grievances directly to the Administrative Review Board, the final reviewing authority for inmate grievances.

Dr. Feinerman moved for summary judgment, arguing that Moore had failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). In support of his motion, Dr. Feinerman submitted an affidavit from Gina Allen, the chairperson of the Administrative Review Board, who described the remedies at Menard. An inmate must first attempt to resolve a complaint informally with an inmate counselor, then submit the complaint to a grievance officer, and finally, if dissatisfied, appeal an adverse decision to the Board, *see* ILL. ADMIN. CODE tit. 20, §§ 504.810(a), 504.850(a). Allen attests that she searched the Board's files, and cross-checked that search with the Inmate Grievance Tracking System. She found no record of Moore submitting any "grievances and/or correspondence" to the Board between January and September of 2008 concerning Dr. Feinerman.

In addition to the evidence that Moore had not submitted a grievance to the Board, Dr. Feinerman also presented evidence that, as of June 16, Moore had not submitted any grievances to a grievance officer. In deposition testimony that Moore gave on June 16 in a separate suit, he was asked whether he was taking any medications for his migraines. He responded that he had recently seen Dr. Feinerman (who had taken x-rays) and was "supposed to be going back" for another appointment. He then said "I'm waiting on them. If they don't call in the next week, I *will* be writing a grievance about that there because I should have seen—been seen by somebody by now." (emphasis added.)

In light of the fact dispute over exhaustion, the district court held an evidentiary hearing required by *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Moore was the only live witness, and consistent with his affidavit, he testified that he mailed three grievances to the grievance office (two by June 10). He testified that because he received no response, he

could not appeal to the Board. The court also considered, without any objection from Moore, Allen's affidavit and Moore's deposition testimony.

After the hearing the district court concluded that Moore had failed to exhaust his available administrative remedies. The court credited Allen's statement that Moore never appealed a grievance decision to the Board. The court did not find Moore's response (that, because he received no reply to his grievances, he could not appeal to the Board) credible because, among other things, his deposition testimony contradicted his *Pavey* testimony that he filed two grievances by early June: "[T]he overall impression left by the deposition testimony was that Mr. Moore had not filed any medical-related grievance at Menard before June 16, 2008."

On appeal Moore contends that the district court erred by concluding that he had not exhausted his administrative remedies. He did all that was required of him, Moore argues, because he submitted grievances to a grievance officer, and he cannot be faulted for not appealing to the Board when he received no responses to his grievances. Thus, he concludes, the defendant failed to carry his burden of proving exhaustion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). We review the district court's factual findings for clear error. *See* FED. R. CIV. P. 52(a)(6); *Pavey*, 663 F.3d at 904.

We take a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), but an inmate needs to exhaust only *available* administrative remedies, *see Dole*, 438 F.3d at 809; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). If Moore is correct that the prison failed to respond to his grievances, an appeal to the Board was an unavailable remedy and need not have been exhausted. *See Dole*, 438 F.3d at 809; *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

The district court relied on adequate evidence to support its finding that, by not appealing his grievance to the Board, Moore did not exhaust. *See United States v. Rice*, 673 F.3d 537, 540–41 (7th Cir. 2012) ("the task on appeal is not to see whether there is any evidence that might undercut the district court's finding; it is to see whether there is any evidence in the record to support the finding"); *Kanter v. Comm'r of Internal Revenue*, 590 F.3d 410, 417 (7th Cir. 2009) (reversal is inappropriate where district court's account of evidence is "plausible in light of the record viewed in its entirety") (internal quotation and citation omitted). The court permissibly credited Allen's statement that Moore appealed no grievance decision to the Board during the relevant period. Moore did not object to the court's consideration of Allen's affidavit at the *Pavey* hearing, so Moore has forfeited any objection to the admissibility of the affidavit. *See United States v. Wright*, 651 F.3d 764, 773 (7th Cir. 2011).

The district court also properly rejected Moore's assertion that, having received no response to his grievances, he did not have to appeal to the Board. Although a defendant generally bears the burden of proving an affirmative defense, like exhaustion, a plaintiff typically bears the burden of establishing an exception to it, as Moore seeks here. *See Ray v. Clements*, 700 F.3d 993, 1019–20 (7th Cir. 2012) (ruling that a habeas petitioner must prove grounds for equitably tolling a statue of limitations); *Stark v. Dynascan Corp.*, 902 F.2d 549, 551 (7th Cir. 1990) (same for employment-discrimination plaintiffs). The district court properly rejected Moore's contention that an appeal to the Board was unavailable because it found unworthy of belief Moore's assertion that the prison never responded to his grievances. That assertion depended on his general credibility about the grievances, and the court permissibly disbelieved Moore's *Pavey* testimony about them because he contradicted himself. His *Pavey* testimony was that he mailed two grievances before June 16, but during his deposition he stated instead that he had not filed any grievances before June 16. Because the court's credibility determination was not "completely without foundation," we will not disturb it. *See United States v. Norris*, 640 F.3d 295, 297 n. 1 (7th Cir. 2011) (internal quotation marks and citation omitted). Accordingly, the finding that Moore did not exhaust the available remedy of appealing to the Board was based on sufficient evidence and not clearly erroneous.

**AFFIRMED.**