**Helen AQUINO and Ray Aquino**

v.

**SOMMER MAID CREAMERY, INC.**

Civ. A. No. 86–3001.

United States District Court,
E.D. Pennsylvania.

March 19, 1987.

Martha Sperling, Doylestown, Pa., for plaintiffs.

Donna Dougherty, Charles Halpin, Wayne, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Defendant Sommer Maid Creamery, Inc. ("Sommer Maid") filed a motion to dismiss part of Count 1 and Counts 2 and 3 of plaintiffs' second amended complaint; plaintiffs filed an answer and memorandum in opposition and asserting as "new matter" a request for reasonable attorneys' fees expended in replying to the defendant's motion. For the reasons stated below, defendant's motion to dismiss Count 1 in part is denied; defendant's motion to dismiss Count 2 is granted; defendant's motion to dismiss Count 3 is denied in part and granted in part; plaintiffs' "new matter," construed as a motion for attorneys', fees is denied.

When deciding a motion to dismiss, the court must consider all of the well-pleaded allegations in the complaint as true and construe the complaint in the light most favorable to plaintiffs. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969); *Hochman v. Board of Education of Newark*, 534 F.2d 1094, 1097 n. 1 (3d Cir.1976). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Plaintiffs Ray Aquino ("Mr. Aquino") and Helen Aquino ("Mrs. Aquino"), husband and wife, allege the facts as follows: Both Mr. and Mrs. Aquino worked at Sommer Maid during 1984. On July 1, 1984, Mr. Aquino was injured at work and filed a claim for workmen's compensation benefits in July, 1984. *See* 77 Pa.C.S.A. § 1 *et seq.* (West 1952 and Supp.1986). Mr. Aquino has not returned to work at Sommer Maid (Second Amended Complaint, ¶ 26). Mrs. Aquino was unable to work from July 15 to August 9, 1984 because of complications from surgery; she was transferred from night shift to day shift and from a higher-paying machinist job to a lower-paying butter-wrapping job soon after returning to

work. (Second Amended Complaint, ¶¶ 27, 28). Mrs. Aquino was subjected to physical and verbal sexual harassment by her new supervisor, Ed Diehl ("Diehl"). (Second Amended Complaint, ¶¶ 27, 29, 30, 31). Mrs. Aquino filed a sexual harassment claim with the Pennsylvania Human Relations Commission ("PHRC");[1] both Mr. and Mrs. Aquino attended a conciliation meeting held September 24, 1984. (Second Amended Complaint, ¶¶ 38, 39, 40). The sexual harassment of Mrs. Aquino by Diehl and other Sommer Maid employees continued after the conciliation meeting until December 19, 1984. (Second Amended Complaint, ¶¶ 43–55). In December, 1984, Mr. Aquino was dismissed in retaliation for participating in the PHRC conciliation meeting regarding Mrs. Aquino and for his filing a workmen's compensation claim. (Second Amended Complaint, ¶¶ 57–58, 77–83). On December 19, 1984, Mrs. Aquino was fired in retaliation for her filing a PHRC claim and her husband's filing a workmen's compensation claim. (Second Amended Complaint, ¶ 65, 77–83).

In Count 1 of the second amended complaint, Mrs. Aquino alleges sex discrimination and Mr. and Mrs. Aquino allege retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* (West 1981 and Supp.1986). In Count 2 Mrs. Aquino alleges intentional infliction of emotional distress. In Count 3 Mr. and Mrs. Aquino allege wrongful discharge because they attended the PHRC proceeding and Mr. Aquino filed a workmen's compensation claim. The parties agree that Pennsylvania law governs the pendent state law claims in Counts 2 and 3.

▉ Defendant seeks to dismiss only the part of Count 1 that alleges retaliatory discharge against Mr. Aquino. To prove a violation of section 704(a) of Title VII, 42 U.S.C.A. § 2000e–3(a), Mr. Aquino must establish a *prima facie* case of retaliation by showing that: (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) there is a causal connection between the protected activity and the adverse employment ac-

tion. *McDaniel v. Temple Independent School District,* 770 F.2d 1340, 1346 (5th Cir.1985); *McKinney v. Dole,* 765 F.2d 1129, 1143 (D.C.Cir.1985). Mr. Aquino alleges facts sufficient, if true, to prove his *prima facie* case at trial. Participating in the PHRC conciliation meeting on behalf of his wife is protected activity under Title VII. 42 U.S.C.A. § 2000e–3(a) (West 1981); *see Kralowec v. Prince George's County,* 503 F.Supp. 985, 1008 (D.Md.1980), *aff'd without opinion,* 679 F.2d 883 (4th Cir. 1982), *cert. denied,* 459 U.S. 872, 103 S.Ct. 159, 74 L.Ed.2d 132 (1982). Mr. Aquino alleges that Sommer Maid was aware he participated in the PHRC meeting and that he was dismissed from his job, an adverse employment action, because of his participation. Therefore, even though defendant may be able to refute these allegations at trial, the facts if taken as true are sufficient to withstand a motion to dismiss.

▉ Defendant seeks to dismiss Count 2 on the ground that in a claim for intentional infliction of emotional distress a corporation cannot be a defendant where defendant's non-party employees did not act within the scope of their employment. But Mrs. Aquino alleges that the actions of defendant's employees were performed in the course of their employment (Second Amended Complaint, ¶ 20) and that defendant authorized and ratified the employees' acts (Second Amended Complaint, ¶ 21); therefore, defendant's motion to dismiss Count 2 would be denied on this ground.

However, Pennsylvania law allows recovery for intentional infliction of emotional distress only in very egregious cases. *Bradshaw v. General Motors Corp.,* 805 F.2d 110, 113–115 (3d Cir.1986); *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265, 1274 (3d Cir.1979). Even taking Mrs. Aquino's allegations as true, the facts alleged are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Bradshaw,* 805 F.2d at 114, *quoting* Re-

---

1. The second amended complaint fails to state      the date Mrs. Aquino filed a claim with PHRC.

statement (Second) of Torts § 46 comment d. The employer-employee status is not a special relationship justifying relaxation of this standard. *Bradshaw*, 805 F.2d at 115.

As to those parts of Count 2 involving sexual harassment, discrimination and retaliation, Mrs. Aquino's exclusive remedy is under the PHRA. *See infra* p. 5. Other than acts of sex discrimination, Mrs. Aquino alleges that the following acts state a claim for intentional infliction of emotional distress: Diehl checked Mrs. Aquino's work more frequently than other employees' work (Second Amended Complaint, ¶ 43); Diehl followed Mrs. Aquino into the ladies' rest room, "banging on the door and asking what she was doing" (Second Amended Complaint, ¶ 45); the President of Sommer Maid would "sit and stare at [Mrs. Aquino] for ten minutes at a time" (Second Amended Complaint, ¶ 47); calling Mrs. Aquino at home to demand that she report to work (Second Amended Complaint, ¶ 51); and berating Mrs. Aquino for low work production (Second Amended Complaint, ¶ 54). These activities are not so outrageous in character and so extreme in degree as to be atrocious and utterly intolerable. Count 2 will be dismissed for failure to state a claim for intentional infliction of emotional distress.

■ Defendants argue that the Count 3 claims of wrongful discharge must be dismissed under *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3d Cir.1977). *Bonham* holds that the Pennsylvania Human Relations Act ("PHRA") and the procedures established by the Act, 43 Pa.S.A. §§ 951 *et seq.* (Purdon 1964 and Supp.1986) provide the exclusive state law remedy for vindication of rights the state legislature sought to protect by the PHRA. Under 43 Pa.S.A. § 955(a), it is unlawful for an employer to discriminate against an employee in terms and conditions of employment on the basis of sex.[2] Under 43 Pa.S.A. § 955(d), it is unlawful for an employer "... to discriminate in any manner against an individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

Under 43 Pa.S.A. § 962(b), the procedures for relief established in the PHRA are exclusive if the individual invokes the Act's procedures by filing a complaint.[3] *Fye v. Central Transportation, Inc.*, 487 Pa. 137, 141, 409 A.2d 2, 4 (1979). Under 43 Pa.S.A. § 962(c), in cases involving discrimination claims, an individual has a right of action in the courts only where the PHRC has *not* entered into a conciliation agreement.[4]

---

2. Title 43 Pa.S.A. § 955(a) provides in pertinent part:

It shall be an unlawful discriminatory practice ...

(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, if the individual is the best able and most competent to perform the services required.

3. Title 43 Pa.S.A. § 962(b) provides in pertinent part:

Except as provided in subsection (c) ... acts declared unlawful by section five of this act the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned. If such complainant institutes any action based on such grievance without resorting to the procedure provided in this act, he may not subsequently resort to the procedure herein....

4. Title 43 Pa.S.A. § 962(c) provides in pertinent part:

In cases involving a claim of discrimination, if a complainant invokes the procedures set forth in this act, that individual's right of action in the courts of the Commonwealth shall not be foreclosed. If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act....

Mrs. Aquino alleges in the Second Amended Complaint that she did file a complaint with the PHRC alleging sex discrimination and the PHRA did enter into a conciliation agreement to which she was a party; Mrs. Aquino's claim of wrongful discharge based on sex discrimination is barred and that portion of Count 3 will be dismissed.

However, Mrs. Aquino's claim of discharge in retaliation for filing a complaint with the PHRC is not barred by 43 Pa.S.A. § 962(b) because she did not invoke the protection of the PHRA to remedy this wrong. A discharge in retaliation for filing a complaint with the PHRC is unlawful under 43 Pa.S.A. § 955(d). Dismissal from employment for participating in proceedings before the PHRC may be contrary to a clear mandate of public policy, 43 Pa.S.A. § 955(d); if so, Mrs. Aquino has a valid claim for wrongful discharge and this ground for Count 3 will not be dismissed. *Cf. Novosel v. Nationwide Insurance Co.,* 721 F.2d 894 (3d Cir.1983) (Pennsylvania law permits cause of action by employee for wrongful discharge where employment termination abridges significant and recognized public policy).

Mr. Aquino's wrongful discharge claim alleging dismissal because he participated in his wife's PHRC proceeding also withstands defendant's motion to dismiss; Mr. Aquino did not invoke the PHRA protections himself and § 955(d) prohibits the discriminatory discharge of an employee for testifying at a PHRC proceeding. Because the second amended complaint alleges that non-testifying employees were not dismissed but that Mr. Aquino was dismissed, that portion of Count 3 alleging Mr. Aquino's discharge for testifying states an actionable claim for wrongful discharge.

Defendant also argues that Mr. and Mrs. Aquino fail to state a claim for wrongful discharge if the dismissals were in retaliation for Mr. Aquino's filing a workmen's compensation claim. *Geary v. U.S.*

*Steel Corp.,* 456 Pa. 171, 183 n. 16, 319 A.2d 174, 180 n. 16 (1974), suggests that this allegation if proved would sustain a cause of action for wrongful discharge. *See Butler v. Negley House, Inc.,* 20 Pa.D. & C.3d 543 (Ct.Comm.Pleas Allegheny County 1981) (Pennsylvania common law provides a wrongful discharge cause of action against employer who takes retaliatory action in response to employee's filing workmen's compensation claim). *Cf. Phillips v. Babcock & Wilcox,* 349 Pa.Super. 351, 503 A.2d 36 (1986) (wrongful discharge suit based on retaliation for filing workmen's compensation claim cannot be brought by employee covered by collective bargaining agreement because otherwise protected by contract). Although there is no Pennsylvania Supreme Court decision squarely on point, developing Pennsylvania law suggests there may be a cause of action for discharge in retaliation for filing workmen's compensation claims. *Alexander v. Red Star Express Lines of Auburn, Inc.,* 646 F.Supp. 672 (E.D.Pa.1986), *aff'd without opinion,* 813 F.2d 396 (3d Cir. 1987). But the cause of action is Mr. Aquino's alone; there is nothing in recent Pennsylvania court decisions to suggest a common law claim for wrongful discharge in retaliation for a workmen's compensation claim not filed by the employee but by his or her spouse. Defendant's motion to dismiss Count 3 on this ground is denied as to Mr. Aquino but granted as to Mrs. Aquino.

Plaintiffs request attorneys' fees for the time spent responding to defendant's motion on the ground that the motion is "both frivolous and dilatory;" the request was stated as "new matter" in their answer to the motion to dismiss. This "new matter" must be deemed a motion for attorneys' fees under Fed.R.Civ.P. 11. Awarding fees for a violation of Rule 11 is within the discretion of the court. Fed.R. Civ.P. 11 Notes of Advisory Committee on Rules (West Supp.1986). It is true that defendant's "Statement of Facts" (Motion, unpaginated) was improperly presented; even if supported by affidavit, which it was

not, it is clear that on a motion to dismiss, the wellpleaded facts of the complaint must be accepted as true. The "facts" improperly stated by defendant were ignored by the court. But defendant's motion raised some grounds of substance on which it has prevailed in part; defendant's motion is not any more frivolous than is plaintiffs' complaint. The claim and defenses must be litigated on a full record. The court does not find the defendant's motion was "interposed for any improper purpose, such as to harass or to cause unnecessary delay," Fed.R.Civ.P. 11. The request for attorneys' fees is denied without prejudice to a renewed request under 42 U.S.C.A. § 2000e-5(k) if plaintiffs prevail on the merits of Count 1.

An appropriate Order follows.

### ORDER

AND NOW, this 19th day of March, 1987, upon consideration of defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), defendant's memorandum in support thereof, plaintiffs' memorandum in opposition thereto, and for the reasons set forth in the foregoing Memorandum, it is ORDERED that:

1. Defendant's motion is DENIED as to Count 1.

2. Defendant's motion is GRANTED as to Count 2.

3. Defendant's motion is GRANTED in part and DENIED in part as to Count 3; it is granted as to that part of Count 3 alleging Helen Aquino was wrongfully discharged because of sex discrimination and harassment; it is denied as to those parts of Count 3 alleging Helen and Ray Aquino were wrongfully discharged in retaliation for testifying before the PHRC and those parts of Count 3 alleging Ray Aquino was wrongfully discharged in retaliation for his filing a workmen's compensation claim; it is granted as to that part of Count 3 alleging Helen Aquino was wrongfully discharged in retaliation for Ray Aquino's filing a workmen's compensation claim.

4. Plaintiffs' "new matter," construed as a motion for attorneys' fees under Fed. R.Civ.P. 11 is DENIED.