Affirmed and Memorandum Opinion
filed January 20, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00925-CV



Josephine
Latimer, Appellant 

v.

Memorial
Hermann Hospital System d/b/a Memorial Hermann Hospital, Appellee 



On Appeal from
the 165th District Court

Harris County, Texas

Trial Court
Cause No. 2009-12212



 

MEMORANDUM OPINION 

Josephine Latimer appeals from a final summary
judgment entered against her in favor of Memorial Hermann Hospital System D/B/A
Memorial Hermann Hospital (the “hospital”).  In a single issue, she argues that
the trial court erred in granting summary judgment because either the hospital
failed to negate an element of each of her four claims, or she raised a genuine
issue of material fact.  We affirm.

BACKGROUND

            While visiting
her brother in the hospital, Latimer had the urgent need to use a toilet, so
one of the hospital’s employees escorted her to a women’s restroom.  Outside
the restroom, Latimer observed a tall man in scrubs standing next to a cleaning
cart.  The man was later identified as Matthew Giadrosich, a housekeeping
supervisor who worked at the hospital.  Latimer entered the restroom and then
entered one of the stalls, where she “started to have a messy bile [sic]
movement.”  She did not hear a voice or knock at the door, but she heard
someone enter the restroom and heard footsteps walking toward her stall.  When
she asked who was there, she heard a man say, “It’s me.”  She then screamed,
“I’m in here,” and looked through the crack of the stall door.  She saw
Giadrosich coming towards her stall, and she again said, “I’m in here, please
leave.”  Even though Giadrosich left the restroom, Latimer was startled.  She
had to “force stop [her] bile [sic] movement,” and she got “feces and wet” in
her pants when she pulled her pants up without wiping.

            Latimer later
explained that she “felt raped, icky, nasty, nervous, scared,” and severely
frightened.  With the assistance of other hospital employees, she identified
the man who entered the stall, and she filed a report to a security officer. 
According to the report, Giadrosich knew a woman was in the bathroom when he
entered.  Giadrosich explained in an affidavit that he did not see Latimer in
the stall or make any attempt to look for her.  Latimer was unable to admit or
deny requests for admissions stating that (1) a man did not see her using the
toilet and (2) a man did not touch the door of the stall she occupied.  

            Latimer sued the
hospital for $4,000,000, alleging intrusion upon seclusion, assault,
intentional infliction of emotional distress, and negligent supervision.  The
hospital moved for a traditional summary judgment on all claims, and the trial
court granted the motion without specifying the grounds.  This appeal followed.

STANDARD OF REVIEW

In a single issue,
Latimer argues that the trial court erred in granting the hospital’s motion for
summary judgment.  We review de novo the granting of summary judgment.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  A movant is entitled to summary judgment on any of the
nonmovant’s claims if the movant conclusively negates at least one element of
that claim.  See HIS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,
143 S.W.3d 794, 798 (Tex. 2003).  A movant fails to satisfy this burden if the
nonmovant presents evidence that raises a genuine issue of material fact.  See
Transcon. Ins. Co. v. Briggs Equip. Trust, 321 S.W.3d 685, 691 (Tex.
App.—Houston [14th Dist.] 2010, no pet.).  We must view the evidence in the
light most favorable to the nonmovant, crediting evidence favorable to her if
reasonable jurors could, and disregarding contrary evidence unless reasonable
jurors could not.  See Mann Frankfort, 289 S.W.3d at 848.  Because the
trial court’s order did not specify the basis for granting summary judgment, we
will affirm if any one of the theories advanced in the motion is meritorious.  State
Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).

INTRUSION UPON SECLUSION

The elements of a claim for intrusion upon seclusion
are (1) an intentional intrusion, physical or otherwise, upon another’s
solitude, seclusion, or private affairs or concerns; (2) the intrusion would be
highly offensive to a reasonable person; and (3) the claimant suffered an
injury as a result of the intrusion.  Robinson v. Brannon, 313 S.W.3d
860, 867 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Valenzuela
v. Aquino, 853 S.W.2d 512, 513 (Tex. 1993)).  The tort typically involves
either physical invasion of a person’s property, eavesdropping on a private
conversation, or spying.  See GTE Mobilnet of S. Tex. Ltd. v. Pascouet,
61 S.W.3d 599, 618 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

The hospital argues that there was either (1) no
intentional intrusion or (2) no intrusion that would be highly offensive.  We
assume without deciding that there was an intentional intrusion into Latimer’s
seclusion.[1] 
We agree with the hospital that Giadrosich’s conduct would not be highly
offensive to a reasonable person.  The hospital met its burden on summary
judgment by showing that the restroom was open to the public, Giadrosich was a
housekeeping supervisor whose responsibilities included entering the hospital’s
restrooms to ensure tidiness, he did not see Latimer in the stall or attempt to
see her, and he did not enter the stall.  Latimer did not deny that Giadrosich
did not see her using the toilet, and she did not deny that Giadrosich did not
touch the door to the stall.  Latimer admitted in a request for admission and
stated in her affidavit that Giadrosich left the general restroom area after
she informed him of her presence and told him to leave.  Latimer presented no evidence
that Giadrosich said anything other than “it’s me” before leaving the
restroom.  Further, she knew that Giadrosich was wearing scrubs and had been
standing next to a cleaning cart.  Under these circumstances, the hospital
conclusively established that Giadrosich’s conduct would not be highly
offensive to a reasonable person.

ASSAULT

The elements for a tort claim of assault are the same
as for the crime of assault, Johnson v. Davis, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005,
pet. denied), and a defendant is guilty of criminal assault by threat when he
or she “intentionally or knowingly threatens another with imminent bodily
injury.”  Tex. Penal Code Ann. § 22.01(a)(2) (West Supp. 2009).  A threat may
be communicated by words, conduct, or a combination of both.  See McGowan v.
State, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984).  Conduct will amount to
a threat of imminent bodily harm if a reasonable person would view the conduct
as a threat under the circumstances.  See Olivas v. State, 203 S.W.3d
341, 347 (Tex. Crim. App. 2006).

The hospital met its burden on summary judgment to
conclusively establish that Giadrosich’s words or conduct did not amount to a
threat of imminent harm.  Giadrosich said only “it’s me” while he was in the
restroom, and he left the restroom as soon as Latimer asked him to leave.  He
neither touched the stall, nor physically contacted Latimer.  No reasonable
person could view Giadrosich’s conduct of walking toward the stall as a threat
of imminent bodily harm.

INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

The elements of a claim for intentional infliction of
emotional distress are (1) the defendant acted intentionally or with
recklessness, (2) the defendant’s conduct was extreme and outrageous, (3) the
defendant’s conduct caused the plaintiff emotional distress, and (4) the
emotional distress was severe.  Hoffmann-La Roche Inc. v. Zeltwanger,
144 S.W.3d 438, 445 (Tex. 2004).  For the defendant’s conduct to be extreme and
outrageous, the conduct must be “so outrageous in character, and so extreme in
degree, as to go beyond all possible bounds of decency, and to be regarded as
atrocious, and utterly intolerable in a civilized community.”  Id.
(quotation omitted).

The hospital met its burden on summary judgment to
conclusively establish  that Giadrosich’s conduct was not extreme and
outrageous.  Giadrosich, a housekeeping supervisor wearing hospital scrubs,
entered the restroom and walked toward Latimer’s stall.  He said only “it’s
me,” and he did not see her or touch the stall.  He left the public restroom
upon request.  This conduct was not sufficient to even raise a fact issue
regarding intentional infliction of emotional distress.  Cf. Aquino v.
Sommer Maid Creamery, Inc., 657 F. Supp. 208, 211 (E.D. Pa. 1987) (dismissing
emotional distress claim for failure to state a claim because the male
supervisor’s conduct was not outrageous or extreme when he, among other things,
entered the women’s restroom and banged on the door, asking what the female
employee was doing inside); Hamrick, 2004 WL 2243168, at *1, *5
(affirming trial court’s entry of directed verdict against male employee
because conduct was not outrageous and extreme when cleaning ladies entered a
men’s restroom and opened the door to his stall and the employer subsequently
investigated the male employee for sexual harassment).

NEGLIGENT SUPERVISION

The elements of a
claim for negligent supervision, like all negligence claims, are (1) the
defendant owed a legal duty to the plaintiff, (2) the defendant breached that
duty, (3) the plaintiff suffered damages, and (4) the damages were proximately
caused by the defendant’s breach.  Zarzana v. Ashley, 218 S.W.3d 152,
158 (Tex. App.—Houston [14th Dist.] 2007, pet. struck).  For a defendant’s
conduct to proximately cause a plaintiff’s damages, the damages must have been
foreseeable.  Id.  “Foreseeability requires that the injury be of such a
general character as might reasonably have been anticipated.”  Id.
(quotation omitted).

The hospital argues that Latimer’s mental anguish
damages[2]
were not foreseeable.  Generally, mental anguish damages have been held
foreseeable in only a limited set of circumstances, including when (1) the
defendant committed a tort intentionally or maliciously, (2) the defendant was
in a particular special relationship with the plaintiff, (3) the plaintiff
suffered serious bodily injury, or (4) the suit involved injuries of a shocking
and disturbing nature, such as a suit for wrongful death or an action brought
by a bystander for a close family member’s serious injury.  See City
of Tyler v. Likes, 962 S.W.2d 489, 495–96 (Tex. 1997); Lions Eye Bank of
Tex. v. Perry, 56 S.W.3d 872, 876 (Tex. App.—Houston [14th Dist.] 2001,
pet. denied).  None of these circumstances is present in this case.  Further,
Latimer has not alleged that she suffered any physical harm.  See Verinakis
v. Med. Profiles Inc., 987 S.W.2d 90, 97–98 (Tex. App.—Houston [14th Dist.]
1999, pet. denied) (explaining, in a negligent supervision case, that the duty
of an employer to a third party extends only to prevent an employee from
causing physical harm).  Finally, we have affirmed in this case summary
judgment against Latimer on all of the torts allegedly committed by Giadrosich,
and thus, there is no separate actionable tort to support the negligent
supervision claim.  See Brown v. Swett & Crawford of Tex., Inc., 178
S.W.3d 373, 384 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that to
recover on negligent supervision claim, a plaintiff must prove that the
employee committed an actionable tort against the plaintiff).  Accordingly, the
hospital conclusively established that Latimer’s damages were not foreseeable
under these circumstances.

CONCLUSION

We overrule Latimer’s sole issue on appeal and hold
that the hospital met its burden on summary judgment to conclusively negate an
element of each of her claims.  Accordingly, we affirm the trial court’s
judgment.

 








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief
Justice Hedges, Justice Jamison, and Senior Justice Price.*

 









[1]
But see Buchanan v. State, 471 S.W.2d 401, 404 (Tex. Crim. App. 1971)
(holding that the defendant did not have a reasonable expectation of privacy
under the Fourth Amendment because he was in a public restroom, and there were
no doors separating the toilet stall from the remainder of the general restroom
area); Hamrick v. Wellman Prods. Group, No. 03CA014-M, 2004 WL 2243168,
at *1, *5  (Ohio App. Sept. 29, 2004) (affirming trial court’s entry of
directed verdict on intrusion upon seclusion claim because there was no
evidence that cleaning ladies intended to invade on the appellant’s seclusion
when they opened the door to the bathroom stall in which he sat). 





[2]
Latimer claimed damages for “great mental anguish, shock, trauma, loss of
independence and normal enjoyment of life[,] . . . grief, humiliation, anger,
fear, anxiety, post traumatic stress and the possibility of inability to have
normal relationships with men.”





*
Senior Justice Frank C. Price sitting by assignment.